<hr />

STATE *vs.* THOMAS H. REED.

Cumberland. Decided July 25, 1877.

*Indictment.*

The signature of the prosecuting officer is not essential to the validity of an indictment.

ON EXCEPTIONS from the superior court.

INDICTMENT for felonious assault.

To the indictment, which was not signed by the prosecuting officer, the defendant demurred. The demurrer was joined by Charles F. Libby, attorney for the state, for the county of Cumberland, and overruled by the presiding judge, who then ruled on the offer

of the county attorney and against the defendant's objection that he might affix his official signature to the indictment. To the aforesaid rulings, the defendant alleged exceptions.

*C. P. Mattocks & E. W. Fox,* for the defendant, claimed that neither the common law of England nor our constitution or statute required the indictment to be signed by the prosecuting officer, yet it was the practice and founded upon good reason. In England it was not the practice of the prosecuting attorney to be present with the grand jury, as it is with us. Our court has not yet decided the question and are free to act.

The legislature of this state has distinctly recognized the necessity of the signature of the county attorney in prosecuting the simplest form allowable for an offense against the liquor law. R. S. c. 27, § 57.

The counsel cited authorities under various positions. Webster's case, 5 Maine, 432. 1 Ch. Cr. Law, § 32. *State v. Squire,* 10 N. H. 558. *Hite v. State,* 9 Yerger, (Tenn) 198. *Fout v. Tennessee,* 3 Heywood, 98. I Wharton Cr. Law, § 474. *Teas v. State,* 7 Humph. 174. Hawkins, P. C. c. 25, §§ 97-98. *Rex v. Wilkes,* 4 Burr. 2527. *State v. Stuart,* 23 Maine, 111.

*C. F. Libby,* county attorney, for the state.

The signature of the prosecuting officer was not required at common law, and in the absence of express statutory provision it is not required at all. 1 Bish. Crim. Proc. c. 47, § 702. *Com. v. Stone,* 105 Mass. 469. *State v. Farrar,* 41 N. H. 53. *Anderson v. State,* 5 Ark. 444. *Ward v. State,* 22 Ala. 16. *Harrall v. State,* 26 Ala. 52. *M'Gregg v. State,* 4 Blackf. (Ind.) 101. *Keithler v. State,* 18 Miss. (10 Smed & M.) 192. *Thomas v. State,* 6 Mo. 457.

VIRGIN, J. This court as early constituted, held that the certificate, "a true bill," appended to an indictment and officially signed by the foreman of the grand jury which returned it into court, is not only the legal evidence that the indictment was legally found, but that such certificate is essential; and also, that its omission is not cured by a verdict of guilty. *Webster's case,* 5 Maine, 432.

In this state, as in many others, (in some of which, we believe, it is required by statute) the public prosecuting officer who draws

the indictment habitually countersigns it in his official capacity. In fact the custom has been so invariable here, we recall no other instance of the omission of such official countersignature. But however uniform the custom has been, and how much soever we might regret a discontinuance of any such purely formal practice in criminal procedure, we know of no rule in the common law, we are sure there is no statute in this state, making such countersigning essential to the validity of an indictment. Otherwise the grand jury would be entirely under the control of the prosecuting officer. Of course no such practice was ever heard of in England, as prosecuting attorneys never were present with the juries there.

Here, as in most of the states, the attorney for the state is present with the grand jury during its sessions. He is required to swear witnesses in the presence of the jury (R. S. c. 134, § 6); and generally examines them and always advises the jury in relation to the law of the cases which come before them. He is also required to attend court and act for the state (R. S. c. 79, § 13); and when absent, a county attorney *pro tempore* may be appointed, § 16. But the indictment derives its legal sanction from the certificate and official signature of the foreman together with its due presentation in open court in the presence of the whole jury which found it.

To be sure the form of indictment for being a common seller of intoxicating liquors, provided in R. S. c. 27, § 57, has a blank space next preceding the words "county attorney," as it has next preceding the word "foreman;" and it was the intention of the legislature that those blanks be filled by the signatures respectively of the officers named. The provision of the section, however, is not that all indictments for that offense shall literally follow that form, but that "the form shall be deemed sufficient in law." This language does not conclude the government, any more than the provision in § 55, that "delivery shall be sufficient evidence of sale," does the respondent charged. *State* v. *Hurley*, 54 Maine, 562.

Although there is high authority in support of the defendant's position, we think the great weight of authority cited on the brief in behalf of the government fully sustains the conclusion at which we have arrived.

The ruling in relation to the amendment is immaterial, since the permission to affix the signature of the county attorney was not followed. What may be the effect of extending the statute of *jeofails* to criminal processes we have no present occasion to consider.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.